IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02021-BNB

CAREY A. MURRAY,

    Plaintiff,

v.

PETE HAUTZINGER, District Attorney, and
JOHN SUTHERS, Attorney General of Colo.

    Defendants.

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 0 6 2009

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

At the time of filing, Plaintiff, Carey A. Murray, was in the custody of the Colorado

Department of Corrections (DOC) and was incarcerated at the Mesa County Jail in

Grand Junction, Colorado.  Mr. Murray has filed a Prisoner Complaint pursuant to 42

U.S.C. § 1983.  The Court must construe the Complaint liberally because Mr. Murray is

a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as

a *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.

For the most part, Mr. Murray asserts that his due process and equal protection

rights were violated when he was subjected to a DOC disciplinary hearing, rather than a

parole revocation hearing, that resulted in the revocation of his participation in the

Intensive Supervision Program (ISP) and reincarceration at the DOC.  For the reasons

stated below, Mr. Murray will be ordered to file an Amended Complaint.

The Court has reviewed the Complaint filed by Mr. Murray and finds that the

Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the Mr. Murray is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Murray fails to set forth a short and plain statement of his claims showing that he is entitled to relief. Mr. Murray's complaint is repetitive and unnecessarily verbose. Therefore, Mr. Murray will be directed to file an Amended Complaint that complies with the pleading requirements of Rule 8. Mr. Murray is reminded that it is his responsibility to present his claims in a manageable format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims.

With respect to any claims that Mr. Murray sets forth regarding the denial of his due process rights in the DOC disciplinary hearing, which resulted in his reincarceration, and is not a challenge to the constitutionality of the procedures used by the DOC to revoke his parole, his sole federal remedy is a writ of habeas corpus, after he has exhausted state court remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973). The Court will not consider the merits of any habeas corpus claims in this action.

Mr. Murray should also take note that he must assert each defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Murray must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A named defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Murray is instructed that to state a claim in this Court, he must state with specificity what each named defendant did to him, when they did it, how their action harmed him, and what specific legal right they violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that, **within thirty days from the date of this Order**, Mr. Murray file an Amended Complaint that complies with this Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Murray, together with a copy of this Order, two copies of the Prisoner Complaint form for use in submitting the Amended Complaint.  It is

FURTHER ORDERED that if Mr. Murray, within the time allowed, fails to file an Amended Complaint that complies with this Order, to the Court's satisfaction, the Complaint and the action will be dismissed without further notice.

DATED October 6, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02021-BNB

Carey A. Murray
Prisoner No. 171824
Mesa County Jail
P.O. Box 20,000-5017
Grand Junction, CO 81501

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 10/6/09

GREGORY C. LANGHAM, CLERK

By: _____
               Deputy Clerk