IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02021-BNB

CAREY A. MURRAY,

    Plaintiff,

v.

TASHA DOBBS, et al.,
COLO. BOARD OF PAROLE,
DIVISION OF ADULT PAROLE, and
JOHN SUTHERS, Attorney General of Colo.,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 17 2009

GREGORY C. LANGHAM
CLERK

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

At the time of filing, Plaintiff, Carey A. Murray, was in the custody of the Colorado Department of Corrections (DOC) and was incarcerated at the Mesa County Jail in Grand Junction, Colorado. Mr. Murray has filed a Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343. On October 6, 2009, Magistrate Judge Boyd N. Boland determined that the complaint was deficient because it failed to comply with Fed. R. Civ. P. 8 and also failed to allege the personal participation of all named Defendants. Therefore, Magistrate Judge Boland ordered Mr. Murray to file an amended complaint. Mr. Murray filed an amended complaint on November 25, 2009.

Mr. Murray has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua*

1

*sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under 42 U.S.C. § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970).

The Court must construe the amended complaint liberally because Mr. Murray is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for *pro se* litigants. *See id.*

In the amended complaint, Mr. Murray asserts seven claims. In general, Mr. Murray appears to challenge his classification as a sex offender. Plaintiff alleges that he has not been convicted of a sex offense and that there is no factual basis for his classification. Plaintiff claims that his Eighth and Fourteenth Amendment rights have been violated because his classification violates his right to due process, and because it has resulted in overly restrictive parole conditions. He also alleges that he has been required to participate in religious services and sex offender treatment, and that he has

been denied his right to access the courts. Plaintiff challenges the constitutionality of the sex offender classification and parole procedures used by the Colorado Department of Corrections. He seeks only declaratory and injunctive relief. For the reasons set forth below, the amended complaint will be dismissed in part.

First, Mr. Murray may not sue the Colorado Board of Parole or the Division of Adult Parole. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overrruled on other grounds by Ellis v. University of Kansas Medical Center*, 163 F.3d 1186 (10th Cir. 1998). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Com'n*, 328 F.3d 638, 644 (10th Cir. 2003). Therefore, Defendants Colorado Board of Parole and Division of Adult Parole will be dismissed as parties to the action.

Next, with respect to Defendant John Suthers, Mr. Murray fails to assert how this defendant personally participated in violating his constitutional rights. Magistrate Judge Boland instructed Mr. Murray in the October 6, 2009, Order that personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Murray must show that each named defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Furthermore, Mr. Murray was instructed that in keeping with *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007), he must explain what each defendant did to harm him, when the defendant did the harmful act, how he was injured, and what specific legal right the defendant violated. Because Mr. Murray fails to assert that Defendant Suthers personally participated in violating his constitutional rights, Defendant John Suthers is an improper party to the action and will be dismissed.

Finally, in his seventh claim, Mr. Murray asserts that he has not been awarded the full amount of pre-sentence confinement credit to which he is entitled by order of the Eagle County District Court. *Id.* at 12. However, this claim is not a challenge to the

constitutionality of the sex offender classification or parole procedures used by the DOC. Instead, to the extent that Mr. Murray seeks to receive additional pre-sentence confinement credit from the DOC, or argues that his sentence was incorrectly computed by the DOC, his sole federal remedy is a writ of habeas corpus, after he has exhausted state court remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973). The Court will not consider the merits of any habeas corpus claims in this action. Accordingly, Claim Seven will be dismissed.

Mr. Murray's remaining claims (one through six), which challenge the constitutionality of the sex offender classification and parole procedures used by the DOC, are not appropriate for summary dismissal and will be drawn to a district judge and a magistrate judge. Accordingly, it is

ORDERED that Defendants Colo. Board of Parole, Division of Adult Parole and John Suthers are dismissed as parties to this action. It is

FURTHER ORDERED that the Clerk of the Court remove the names of Colo. Board of Parole, Division of Adult Parole and John Suthers as parties to this action. The only remaining Defendant is Tasha Dobbs. It is

FURTHER ORDERED that Claim Seven is dismissed without prejudice. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this _16_ day of _December_, 2009.

BY THE COURT:

_____
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02021-BNB

Carey A. Murray
Prisoner No. 171824
Mesa County Jail
P.O. Box 20,000-5017
Grand Junction, CO 81501

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 12/17/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk